UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGELA MOSLEY,

                              Plaintiff                  DECISION AND ORDER

-vs-

                                                              17-CV-6800 CJS

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner" or "Defendant"), denying the application of Angela Mosley ("Plaintiff") for Social Security Disability Benefits. Plaintiff claims to be completely disabled due a variety of ailments, including back pain and knee pain, but the Commissioner found otherwise. Now before the Court is Plaintiff's motion for judgment on the pleadings (Docket No. [#13]) and Defendant's cross-motion [#18] for the same relief. Plaintiff's application is denied, Defendant's application is granted, and this action is dismissed.

## FACTUAL BACKGROUND

The reader is presumed to be familiar with the facts and procedural history of this action. The Court will briefly summarize the record as necessary for purposes of this Decision and Order.[1]

On March 26, 2014, Plaintiff filed an application for disability benefits, claiming

---

[1] Consisting of 1211 pages, the administrative transcript in this action is unusually voluminous.

that she became totally disabled on July 6, 2013. Prior to that date Plaintiff had worked for fifteen years as a Certified Nursing Assistant ("CNA").[2] After the Social Security Administration denied the claim initially, a hearing was held before an Administrative Law Judge ("ALJ") on March 15, 2016, at which Plaintiff appeared represented by an attorney. The ALJ took testimony from Plaintiff and from a Vocational Expert ("VE"). At the end of the hearing the ALJ left the record open to allow Plaintiff to submit additional medical records, which she did.

On May 23, 2016, the ALJ issued his decision, denying Plaintiff's application and finding that she was not disabled at any time between the date of her application and the date of the decision. In pertinent part, applying the familiar five-step analysis for evaluating disability claims, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date, July 6, 2013; that she had serious impairments consisting of chronic low back pain, "status post left knee replacement," right knee arthritis, left foot bone spur, right foot plantar fasciitis, obesity and asthma; that such conditions did not meet or equal a listed impairment; that she had the residual functional capacity ("RFC") to perform sedentary work, except that she should "avoid working at unprotected heights and climbing ladders, ropes or scaffolds," "should avoid frequent exposure to respiratory irritants" and "may need to use a cane for ambulation or balance"; that she was unable to perform her past work as a CNA; and that with the RFC set forth above she was able to perform several other jobs identified by the VE, namely, "document preparer," DOT 249.587-018, "ticket taker," DOT 219.587-010, and

---

[2] Transcript 26

"order clerk," DOT 209.567-014.[3]

In explaining his RFC finding, the ALJ summarized the medical evidence, focusing particularly on a comprehensive evaluation of work-related abilities performed on February 4, 2016, by therapist Greg Maier ("Maier") for the New York State Worker's Compensation Board. The ALJ described Maier's report as follows:

> On February 4, 2016, the claimant participated in an evaluation of her ability to perform work-related physical activities. The results of this functional capacity evaluation indicate that the claimant's abilities/strengths include sitting, gripping, performing upper extremity tasks, functional cervical range of motion and functional bilateral upper extremity range of motion. She had limitations in ability to kneel, crouch, walk, stand for prolonged periods as well as in trunk range of motion, right hip range of motion, bilateral knee range of motion and weakness in bilateral lower extremities. <u>Based on claimant's performance during the functional capacity evaluation, the examiner concluded that the claimant was capable of functioning at the sedentary physical demand level. He noted that the claimant likely could perform some tasks in the light work category but that she did not meet all of the criteria for same.</u>[4] It should be noted that the physical therapist who conducted the evaluation stated that the claimant gave a good effort and that the results were valid. Although these evaluation results do not constitute a medical opinion from an acceptable medical source, they have been considered under SSR 06-03p and are given significant weight because the assessment represents an objective attempt to qualify the claimant's limitations through physical testing. The undersigned notes that, by its very nature, the functional capacity evaluation takes into account all of the claimant's physical impairments. There would be no way for the claimant to perform the various tests which comprise the functional capacity evaluation without revealing the limitations attributable to all of her severe impairments.[5]

Regarding the last two sentences quoted above, the ALJ was emphasizing that Maier's

---

[3] Transcript 30
[4] Maier used the terms "sedentary" and "light" as defined in "US Department of Labor Physical Demand Levels." Transcript 710
[5] Transcript 28 (emphasis added)

3

test results took all of Plaintiff's impairments into account, whereas some other reports in the record only discussed her physical limitations arising from specific isolated conditions, such as her work-related back injury. In this action, Plaintiff does not allege that either the ALJ's summary of Maier's report, or his decision to afford significant weight to the report, was erroneous.

Regarding Maier's specific findings, he indicated that Plaintiff could frequently lift/carry five pounds and occasionally lift/carry ten pounds; that she could occasionally stand; that she could occasionally walk; that she could occasionally use stairs; that she could frequently sit; and that she could not crouch or kneel.[6] Maier's finding regarding Plaintiff's ability to lift and carry took into account her use of a cane to ambulate.[7]

Also as part of his RFC analysis, the ALJ discussed a report written by treating physician Matthew Grier, D.O. ("Grier"), in connection with Plaintiff's worker's compensation claim involving her back injury. On February 23, 2016, Grier examined Plaintiff and offered the following opinions about her: Her back injury had reached maximum medical improvement; she could not return to performing her past work without restrictions; she could occasionally lift/carry twenty pounds; she could frequently sit; she could occasionally stand; she could occasionally kneel, bend or stoop; she could frequently grasp, manipulate, reach overhead, reach at or below shoulder level, drive a vehicle, be exposed to temperature extremes and be exposed to environmental factors.[8] Grier added, however, that Plaintiff "must be able to change positions as

---

[6] Transcript 712-713
[7] Transcript 712
[8] Transcript 721

4

needed."[9]  Based on his findings, Grier further opined that Plaintiff was capable of "light work," defined in pertinent part as follows:

> Light Work – Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently and/or negligent amount of force constantly to move objects.  Physical demand requirements are in excess of those for Sedentary Work.  Even though the weight lifted may only be a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing constant pushing and/or pulling of materials even though the weight of those materials is negligible.[10]

As can be seen, the foregoing definition is essentially the same as the definition of light work used by the Commissioner.  The ALJ indicated that he gave Grier's report "less weight" because it "attempted to limit [its] findings to the compensable injury," meaning Plaintiff's back injury, "without taking into account the claimant's other severe impairments."  In other words, the ALJ indicated that because Grier was not taking into account the effect of all of Plaintiff's impairments, he had indicated that Plaintiff was capable of performing light work, whereas the ALJ believed that the combined effect of all of Plaintiff's impairments limited her to sedentary work.[11]  Obviously, the ALJ's treatment of Grier's report in this regard was beneficial to Plaintiff.

After receiving the ALJ's unfavorable ruling, Plaintiff appealed but the Appeals Council declined to review the ALJ's decision.

On November 17, 2017, Plaintiff commenced this action.  On December 18, 2018,

---

[9] Transcript 721
[10] Transcript 721
[11] As already discussed, Maier's opinion was that Plaintiff was capable of sedentary work.

5

Plaintiff filed the subject application for judgment on the pleadings, arguing that the Commissioner's decision should be reversed for the following reasons: 1) the ALJ failed to properly weigh Dr. Grier's opinion, and in particular failed to incorporate into the RFC Grier's opinion that Plaintiff must be able to change positions as need; and 2) the ALJ "failed to explain how he arrived at the detailed functional limitations contained within the [RFC] finding." Plaintiff is not asserting error with regard to the ALJ's findings at the first three steps of the five-step sequential analysis, nor is she disputing the ALJ's finding at step four that she cannot perform her past relevant work. Rather, Plaintiff is claiming error only with regard to the RFC finding and with the resultant finding at step five that she is capable of performing other work.

## STANDARDS OF LAW

42 U.S.C. § 405(g) states, in relevant part, that "[t]he findings of the Commissioner of Social security as to any fact, if supported by substantial evidence, shall be conclusive." The issue to be determined by this Court is whether the Commissioner's conclusions "are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

<u>The ALJ Did Not Err With Regard to His Weighing of Dr. Grier's Opinion</u>

Plaintiff alleges that the ALJ erred in several ways with regard to his consideration of Grier's opinion, including that he failed to provide a sufficiently detailed

description or summary of the opinion.   However, Plaintiff primarily complains that the ALJ should have included Grier's opinion, that she needs to be able to change position as needed, into the RFC finding.   The Court finds that these objections lack merit.

Preliminarily, Plaintiff's suggestion that the ALJ should have given *more weight* to Grier's opinion is odd, since, as already explained, the ALJ gave less weight to Grier's opinion because Grier concluded that Plaintiff was capable of performing light work, while the ALJ believed that she was only capable of performing sedentary work.   The ALJ's decision to give "less weight" to Grier's opinion was therefore beneficial to Plaintiff.

As for Plaintiff's contention that remand is required because the ALJ failed to include a limitation in the RFC that she must be able to change positions as needed, Defendant responds that any error in that regard would be harmless, since the jobs that the ALJ listed at step five of his decision (document preparer, ticket taker, and order clerk) would permit Plaintiff to change her position as needed.   On this point, Defendant contends that even if such limitation had been included in the RFC, "the vocational expert testified Plaintiff would still be able to perform unskilled, sedentary jobs."[12] Defendant states:

> [I]t was unnecessary to include any restrictions regarding changing positions as needed because it would not have affected the outcome.   . . .   At the administrative hearing, the ALJ questioned the vocational expert about a restriction that would allow the [hypothetical individual with the limitations contained in the RFC] to change position every 30 minutes, which the vocational expert testified would not change the three jobs available.   Further, the vocational expert testified that, specifically, the ticket taker and order clerk [jobs]

---

[12] Def. Memo of Law [#18-1] at p. 18

could be performed by sitting or standing at will.[13]

The Court agrees with Defendant's description of the VE's testimony.

The Court also agrees with Defendant's contention that any failure to include a restriction in the RFC concerning Plaintiff's ability to change positions was harmless error. In a similar case, another district judge in this Circuit recently stated:

> [A]ny error the ALJ made in failing to include reaching limitations in her written RFC determination was harmless because there were a significant number of jobs in the national economy Plaintiff could perform despite reaching limitations. At the hearing, the VE testified that a hypothetical individual with Plaintiff's age, education, professional experience, and RFC could work as order clerk and addresser. Next, the VE testified that these occupations would still be available if the hypothetical individual could occasionally reach overhead and frequently reach in all other directions. Therefore, any error in [not] including Plaintiff's reaching limitation in the RFC was harmless and would not change the outcome of this case. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (stating that even though the ALJ "improperly excluded evidence, ... [r]emand is unnecessary ... '[w]here application of the correct legal standard could lead to only one conclusion' "); *see also Ortiz v. Colvin*, 298 F. Supp. 3d 581, 589-590 (W.D.N.Y. 2018) (holding that "the ALJ's failure to incorporate [plaintiff's] limitation into his RFC finding was [a] harmless error" that did not require remand because it "would not have changed the ALJ's step five determination").

*Cutillo v. Berryhill*, No. 517CV0609MADWBC, 2018 WL 3752871, at *5 (N.D.N.Y. Aug. 8, 2018) (citations to administrative record omitted). Similarly, here any error by the ALJ to include a requirement that Plaintiff be able to change positions does not require remand, since the jobs identified by the VE would allow Plaintiff to change position.[14]

Plaintiff further maintains that the ALJ erred by failing to include other limitations

---

[13] Def. Memo of Law [#18-1] at p. 23
[14] *See*, VE's testimony, Transcript at p. 128 ("[T]he ticket taker would still remain, because you can sit or stand at will in that job, and likewise, the order clerk, you can sit or stand at will there, and that job could still be performed.").

8

from Grier's report into the RFC, specifically, Grier's opinion that she "could [only] occasionally kneel, bend, stoop, and squat; frequently grasp, perform fine manipulation, reach, drive a vehicle, and tolerate temperature extremes/high humidity."[15] Defendant again responds that

> [t]he jobs identified by the vocational expert do not involve these restrictions anyway. For example, all three positions required no kneeling, stooping, climbing, balancing, crouching, crawling, or exposure to extreme temperatures and humidity. And, consistent with Dr. Grier's opinion, the document preparer and order clerk jobs involved frequent reaching, handling, and fingering. Thus, while the ALJ properly discounted Dr. Grier's opinion, even if he had included those restrictions into the RFC it would not have affected the outcome of the case.[16]

The Court again agrees with Defendant that any error in this regard was harmless, since Plaintiff has not shown that the additional limitations recommended by Grier, that were not included in the RFC,[17] would rule out the jobs that the ALJ indicated Plaintiff could perform. In other words, Plaintiff has not shown that those sedentary jobs (document preparer, ticket taker, and order clerk) would ever require her to climb, or would require her kneel, bend, stoop, or squat more than occasionally.[18] Consequently, any failure to include those limitations in the RFC is harmless.[19] *See*, SSR 96-9P (S.S.A. July 2, 1996) ("Postural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or

---

[15] Pl. Memo of Law [#13-1] at pp. 18-19.
[16] Def. Memo of Law [#18-1] at p. 22
[17] Transcript 721
[18] See, e.g., SSR 83-14 ("[T]o perform substantially all of the exertional requirements of most sedentary and light jobs, a person would not need to crouch and would need to stoop only occasionally (from very little up to one-third of the time, depending on the particular job)").
[19] Transcript 721

9

crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work."). Indeed, at the hearing, the VE testified that such postural limitations would not affect the hypothetical claimant's ability to perform the jobs she identified.[20]

The ALJ Adequately Explained How He Arrived at the RFC

Plaintiff next contends that the ALJ generally failed to explain how he arrived at the RFC, and in particular, failed to explain how he determined Plaintiff's ability to walk and stand. In this regard, Plaintiff complains that although the ALJ concluded that she could "stand/walk for 2 hours" total in an 8-hour workday, he did not specify how long she was able to walk or stand *at one time*.

Sedentary jobs require walking and standing "occasionally," which by definition means for up to two hours in an eight-hour workday. *See, e.g., Carvey v. Astrue*, 380 F. App'x 50, 52 (2d Cir. 2010) ("[I]n the Social Security context, a person must be able to lift ten pounds occasionally, sit for a total of six hours, and stand or walk for a total of two hours in an eight-hour workday to be capable of "sedentary work." *See Rosa v. Callahan*, 168 F.3d 72, 78 n. 3 (2d Cir.1999); 20 C.F.R. § 404.1567(a)."). Here, Maier's functional capacity report indicated that Plaintiff was capable of performing "sedentary" work as defined by the Department of Labor's regulations, meaning that he determined she was capable of standing or walking for up to two hours in an eight-hour workday. As already mentioned, the ALJ gave Maier's report "significant weight" and explained why he did so. Similarly, the ALJ explained why he did not give greater weight to the

---

[20] Transcript 133-134

opinions of Drs. Grier and Bergeron. In any event, Grier also opined that Plaintiff was capable of standing and/or walking "occasionally," or up to two hours, during a normal workday.[21]

As for Plaintiff's contention that remand is required because the RFC finding does not explain how long she is able to stand or walk at one time before needing to sit or change position, the Court disagrees. To begin with, there is substantial evidence in the record concerning Plaintiff's ability to stand and walk continuously, such as the opinion of consultative examiner Rita Figueroa, M.D., to which the ALJ gave "some weight."[22] Dr. Figueroa indicated that Plaintiff can stand and/or walk continuously for 30 minutes at a time.[23] It appears that the ALJ accepted that opinion, since he only indicated that he was rejecting other aspects of Figueroa's opinion, such as her opinion that Plaintiff can only stand, sit and walk for a combined seven hours per day.[24]

Moreover, sedentary work typically does not involve prolonged standing or walking in any event. *See, e.g., Vesneske-Margage v. Berryhill*, No. 1:16-CV-00500 (MAT), 2017 WL 4112021, at *4 (W.D.N.Y. Sept. 18, 2017) ("[S]edentary work does not involve any prolonged walking, standing, or lifting of more than ten pounds[.]"); *see also, Hickson v. Astrue*, No. CV-09-2049 DLI JMA, 2011 WL 1099484, at *3 (E.D.N.Y. Mar. 22, 2011) ("[S]edentary work entails sitting for up to six hours per day and requires only intermittent walking and/or standing.")

---

[21] Transcript 721 As already mentioned, Grier also opined that Plaintiff could perform light work. *Id.*
[22] Transcript 29
[23] Transcript 29It app
[24] Transcript 29, In rejecting that opinion, the ALJ referred to Maier's report, which indicated that Plaintiff could stand and/or walk at least occasionally and sit at least frequently. *Id.* at 29, 712-713

However, even assuming *arguendo* that the ALJ erred by failing to specify in the RFC exactly how long Plaintiff can stand or walk without interruption, such error is harmless, since, again, the jobs that the ALJ found Plaintiff can perform would allow her to change position as needed.[25]

CONCLUSION

For the reasons discussed above, Plaintiff's motion for judgment on the pleadings [#13] is denied, Defendant's cross-motion [#18] is granted, and this action is dismissed. The Clerk of the Court is directed to enter judgment for Defendant and close this action.

So Ordered.

Dated: Rochester, New York
June 14, 2019

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[25] Transcript 128